UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-123 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| JERRY KENNETH THOMPSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Jerry Kenneth Thompson ("Thompson"). [Record Document 39]. Because this Court's upward departure to the statutory maximum comported with Rule 32(h) of the Federal Rules of Criminal Procedure and the sentence did not violate Thompson's due process rights, the motion is **DENIED**.

## BACKGROUND

Thompson, a convicted felon, was caught in possession of a shotgun while hunting; he claimed the gun belong to a cousin. [Record Document 36 at 7, 12]. When the state district attorney elected not to pursue charges, the state's agents returned the gun to Thompson on the understanding that he would relinquish possession to his cousin. [*Id.* at 7]. After further investigation revealed that he had not done so, the Government pressed charges. [*Id.* at 4, 8]. Thompson pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record Document 25]. The presentence report ("PSR") determined that his base offense level was 24, which was then reduced by three points for his acceptance of

1

responsibility. [Record Document 33 at 5]. The Probation Office identified 26 prior convictions, which produced a total of 25 criminal history points and placed Thompson in Category VI of the Sentencing Table. [*Id.* at 15]. The resulting Guidelines range was 77 months to 96 months imprisonment. [*Id.* at 22].

The Probation Office specifically identified U.S.S.G. § 4A1.3 as a basis for an upward departure. [*Id.* at 23]. Such a departure is allowed when "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). In support of the departure, the PSR noted:

> In this case, the defendant has a lengthy criminal history, with twenty-six prior convictions including violent, theft, traffic, and drug-related offenses. He also has significant prior similar conduct, not resulting in convictions. The defendant's criminal history spans the last twenty-five years. Thompson's repetitive criminal behavior and failure to appear to answer charges represents a callous disregard for the constitutional authority of our justice system. The revocation record indicates Thompson has not been successful, even under supervision.

[Record Document 33 at 23].

At the sentencing hearing, Thompson confirmed that he had reviewed the PSR with his attorney and stated that he had no objections. [Record Document 35 at 2–3]. After adopting the factual findings of the PSR, this Court sentenced Thompson to the statutory maximum term of 120 months, pointing specifically to his lengthy and underrepresented criminal history to justify the upward departure. [*Id.* at 8–9].

Thompson appealed. [Record Document 34]. His attorney filed an *Anders* brief to which Thompson responded. [Record Documents 47-1 and 47-2]. In his response, he asserted that his

2

is also unnecessary if the issues were raised on direct appeal or do not describe constitutional violations. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)).

### This Court's Alleged Violation of Rule 32(h)

Thompson alleges that this Court violated Rule 32(h) of the Federal Rules of Criminal Procedure. [Record Document 39 at 4–6]. Under that rule:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h). Although this Court did not provide Thompson with advance notice of the upward departure, the PSR did. [Record Document 33 at 23–24]. Because the PSR identified the grounds on which this Court departed upward (i.e., underrepresented criminal history), Rule 32(h) was not violated. Therefore, the motion is denied as to this claim.

### Ineffective Assistance of Counsel

Thompson asserts that he was denied effective assistance of counsel when his sentencing counsel did not object to the Court's failure to provide notice under Rule 32(h) and when his appellate counsel failed to raise this issue. [Record Document 39 at 6–7].

A § 2255 motion is an acceptable vehicle through which to raise initial claims of ineffective assistance of trial or appellate counsel. *Massaro v. United States*, 538 U.S. 500, 503–04 (2003). To successfully state an ineffective-assistance-of-counsel claim, a movant must demonstrate that his attorney's performance was deficient and that the deficient performance

4

prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The movant bears the burden of proof. *See id.* If he fails to establish either prong of the *Strickland* test, then counsel's performance was constitutionally effective. *Id.*

As discussed above, Rule 32(h) requires notice of a potential upward departure only when the PSR or a presentence memorandum has not already flagged the issue. Fed. R. Crim. P. 32(h). Because the PSR specifically identified Thompson's criminal history as a potential grounds for an upward departure, [Record Document 33 at 23–24], this Court was not required to provide additional notice before departing upward. Rule 32(h) was not violated, and so any objection to the lack of notice would have been meritless. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). As neither Thompson's sentencing counsel nor his appellate counsel were ineffective for failing to raise the nonmeritorious Rule 32(h) issue, his motion must be denied as to this claim.

### Due Process

Thompson argues that his sentence violated the Due Process Clause because it was an upward departure from the Guidelines range and because the departure was done without notice. [Record Document 39 at 8]. Thompson's second argument is frivolous as the PSR expressly indicated that his underrepresented criminal history provided grounds for an upward departure. [Record Document 33 at 23–24].

"A sentence is substantively unreasonable if it '(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'" *United*

States v. Warren, 720 F.3d 321, 332 (5th Cir. 2013) (quoting *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007)). While this case's origin in a hunting violation is somewhat unique, Thompson has not pointed to any sentencing factor affected by the specific circumstances of his offense.

This Court departed upward for two reasons: (1) the criminal history category substantially underrepresented Thompson's criminal history; and (2) his record contained a history of probation and post-conviction release violations. [Record Document 35 at 8]. "'[A] sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors' . . . ." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (quoting *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008)). As a result, this Court could consider the fact that Thompson had 12 criminal history points more than the minimum required to fall within Category VI as well as convictions that were too old to have been assigned points. The decision to do so did not violate due process.

This Court also pointed toward facts implicating the need for a sentence to "promote respect for the law." 18 U.S.C. § 3553(a)(2)(A). Before imposing the 120-month sentence, this Court noted:

> Mr. Thompson, the Court cannot ignore that your record shows a history of violations of your probation, or whenever you were let out on some type of post-conviction release; that that demonstrates a callous disregard for the constitutional authority of our judicial system. And it is for that reason that the Court would upwardly depart in this matter.

[Record Document 35 at 8–9]. Thus, this Court's decision relied on a factor expressly identified by Congress as an appropriate consideration when formulating a sentence. Thompson's due

6

process rights were not violated, and the motion must be denied as to this final claim.

## CONCLUSION

For the reasons given above, Thompson's motion to vacate his sentence [Record Document 39] is **DENIED**.

Thompson has also filed a motion seeking copies of statements from Officer Jarod Adams and Agent Megan Taylor. [Record Document 48]. He claims that "these documents are need[ed] for my defense." [*Id.*]. Because nothing in the requested statements would alter this Court's decision to deny Thompson's § 2255 motion, his motion for copies is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of February, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE