# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-123 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| JERRY KENNETH THOMPSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a letter from Defendant, asking "if I may receive any relief from the Davis case." [Record Document 54 at 1]. This Court construes Defendant's letter as a motion to vacate his sentence and to sentence him under *United States v. Davis*, 139 S. Ct. 2319 (2019).

Without approval from its circuit court, a district court lacks jurisdiction over a second or successive motion to vacate. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (citing 28 U.S.C. § 2444(b)(3)(A)). Even if an inmate plausibly satisfies the substantive threshold for obtaining permission to proceed—that is, if he demonstrates his motion is based either on newly discovered evidence that would have been sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty or on a new rule of constitutional law made retroactive on collateral review—he must nonetheless obtain approval from the court of appeals before proceeding in the district court. *In re Arnick*, 826 F.3d 787 (5th Cir. 2016) (per curiam) (quoting 28 U.S.C. § 2255(h)) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2001)). Defendant has already filed a motion to vacate, [Record Document 39], which this Court denied, [Record Document 49]. Hence, Defendant must obtain leave from the Fifth Circuit before filing a motion based on *Davis* in this Court.

Such a request for leave would be frivolous, however. *Davis* declared that the residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2324, 2336. Defendant was convicted under 18 U.S.C. § 922(g) and sentenced under 18 U.S.C. § 924(a)(2). [Record Document 32]. The unconstitutional residual clause played no role in Defendant's conviction or sentence, and so, even if this Court had jurisdiction, *Davis* would not entitle him to any relief.

Therefore, Defendant's motion [Record Document 54] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of July, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE